**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Everardo LOPEZ–LOPEZ,**
**Defendant–Appellant.**

No. 05–50247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Filed May 17, 2006.

Becky S. Walker, Esq., Matthew D. Umhofer, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

**681**

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

Lopez–Lopez challenges the sentence imposed by the district court for his conviction under 8 U.S.C. § 1326(a) and (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

As counsel for Lopez–Lopez conceded, we must follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), unless and until the Supreme Court, itself, overrules it. *United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005); *see also Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). The sentencing enhancement based upon Lopez–Lopez's prior conviction for residential burglary is constitutional.

The sentence is reasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Ameline,* 409 F.3d 1073, 1075, 1079 (9th Cir.2005) (en banc). The sentencing judge considered the Sentencing Guidelines and the factors outlined in 18 U.S.C. § 3553(a) before imposing a sentence at the low end of the 70–87 months suggested by the advisory Guidelines. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 770 (9th Cir.2006).

The condition of supervised release challenged by Lopez–Lopez is ripe for review

and does not violate the Fifth Amendment. *Rodriguez–Rodriguez,* 441 F.3d at 772.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.